ESTATE OF KATE F. MORTON, A. M. FERGUSON, INDIVIDUALLY AND TEMPORARY ADMINISTRATORS, ET AL. V. W. R. CHAPMAN, PRESIDING JUDGE ET AL.

Motion No. 11,563.   Decided October 30, 1934.
(75 S. W., 2d Series, 876.)

*F. L. Henderson,* of Bryan, *LeRoy Paddock,* and *Jas. C. Anderson,* of Howe, for petitioner.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This action is on motion for leave to file a petition for mandamus to require the Hon. W. R. Chapman, Presiding Judge of the Seventh Administrative District, to hear and consider the question as to whether or not a Judge assigned by Judge Chapman to try causes in Haskell County, in some or all of which relators are interested, should try the same, because of an alleged disqualification, and as to whether or not some other District Judge should not be assigned by Judge Chapman to try said causes.

The duties of Judge Chapman as Presiding Judge of the Administrative District are prescribed in Section 4, Article 200a, of Vernon's Complete Statutes, which reads:

"Sec. 4. It shall be the duty of the Presiding Judge of such Administrative District, once each year, to call a regular conference, and, at such time as may be necessary, a special conference, of the several district judges of the several judicial districts composing the Administrative District, at a time and place to be designated by the Presiding Judge, for consultation and counsel as to the state of business, civil and criminal, in the several district courts of the Administrative District, and to arrange for the disposition of the business pending on the dockets of the several district courts of the District. At the time of such consultation, or at any time thereafter, with or without an additional meeting of the judges, it shall be the duty of the Presiding Judge, from time to time, to assign any of the judges of the Administrative District to hold special or regular terms of court in any county of the Administrative District in order to try and dispose of accumulated business, under such rules as may be prescribed by the session, or sessions, of the district judges of the Administrative District. Such meeting or council of judges shall have the power to prescribe rules regulating and facilitating the order of trials, the keeping of records in the various counties of the district where judges are sent from one district into another to facilitate the disposition of cases, and to make such other rules and regulations as may be necessary to carry this Act into practical operation. When it is deemed necessary, the Presiding Judge of the Administrative District may call special or additional meetings of the conference of judges during the year. The District Judges shall lay before each conference of judges a list of all cases

pending, and the exact status of their dockets, together, with such other information as may be required by the rules and regulations of the conference."

Section 5 in general terms provides:

"Sec. 5. Judges may be assigned in the manner herein provided for the holding of district court when the regular judge thereof is absent or is from any cause disabled or disqualified from presiding, and in instances where the regular district judge is present or himself trying cases where authorized or permitted by the Constitution and laws of the State."

■ This Section, however, was not intended to supersede the Constitution and statutes providing for the appointment or selection of Special Judges to try causes in which the regular judge may be disqualified. The purpose of the law was to relieve the congested dockets of the State without the necessity of creating new judicial districts in centers of litigation, and Section 5 merely states additional matters for consideration in determining whether or not another judge should be assigned to another district for the disposition of cases.

In the present case Judge Chapman has assigned a District Judge to try cases in Haskell County. In the first instance, as to whether or not he would so assign any one was a matter of discretion; and in the second place, the selection of what particular judge he should send was a matter of judgment and discretion, taking into consideration the business of each county in his Administrative District, and the judges, if any, available. His judgment and discretion in these matters are not subject to control or direction by mandamus. 28 Texas Jurisprudence, p. 540, sec. 28, p. 574, sec. 33.

■ If in the performance of his duties the Presiding Judge has assigned a District Judge to try cases in Haskell County who is disqualified to try any particular case, the constitutional and statutory remedies are available as in the instance of a regular District Judge's being disqualified.

■ In the instant proceeding the relator has made no one a party except Judge Chapman, as Presiding Judge, and two other District Judges, neither of whom, of course, have any personal interest in the controversy. It is elementary that all parties interested adversely to the relator must also be made parties to a proceeding of this character, and in this case that has not been done. 28 Texas Jurisprudence, p. 627, sec. 62, p. 629, sec. 63.

It follows from the foregoing that the motion for leave to file should be overruled; which is accordingly done.