

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Julio A. Garcia
District Attorney
Webb and Zapata Counties
P. O. Box 1343
Laredo, Texas    78040

Opinion No.  MW-533

Re:  Whether Webb County must fund the Laredo–Webb County Child Welfare Unit

Dear Mr. Garcia:

You have asked whether Webb County must provide funding for the Laredo–Webb County Child Welfare Board. The Webb County Commissioners Court appointed a child welfare board in accordance with article 695a, section 4, V.T.C.S. (now Human Resources Code section 41.002), in 1943. Since that time, Webb County has contracted with the Department of Human Resources [hereinafter DHR] to enable DHR to administer a county-wide federal, state, and county-financed program of child protection. See Human Resources Code §22.002(f). In the contract signed March 1, 1980, the county agreed to provide funds for which it would be partially reimbursed by the federal government. The contract permits either party to cancel the contract by giving sixty days notice in writing to the other party.

The federal programs for which the county has heretofore contractually contributed funds are 42 U.S.C. section 601 et seq. (aid to needy families with children) and 42 U.S.C.A. section 1396 et. seq. (medical assistance on behalf of families with dependent children). Each of the federal programs requires that the state plan for aid must be in effect in all political subdivisions of the state. In addition, each program provides an option: the political subdivisions may administer the plan or the state may establish or designate a single state agency to administer the plan. The Texas legislature chose to create a state agency to administer these programs, among others. Thus, the DHR is the single agency in the state which can administer these federal programs. Human Resources Code §22.002(a). The legislature restated the law that counties are primarily responsible for the care of the indigent, see, e.g., Human Resources Code sections 11.003 and 41.002(b), but gave each county the authority to create a child welfare board which could contract with DHR to jointly provide the services cited above. Human Resources Code §41.003. A county contracting with the DHR receives benefits in the form of reimbursement from the federal government available through 42 U.S.C.A. section 601 et seq. and 42 U.S.C.A. section 1396 et seq. The

only way a county may receive federal reimbursement for services to needy children is to participate in the federal programs administered through DHR as required by the Texas legislature.

Webb County wishes to cancel the contract with DHR and argues that although the county has a duty to provide for its needy children, it has no duty to create and fund a child welfare board or to contract with the DHR.

Sections 41.002 and 41.003 of the Human Resources Code, at issue here, are reproduced below:

> (a) The commissioners court of a county may appoint a child welfare board for the county. The commissioners court and the department shall determine the size of the board and the qualifications of its members. However, the board must have at least 7 and not more than 15 members, and the members must be residents of the county. The members shall serve at the pleasure of the commissioners court and may be removed by the court for just cause. The members serve without compensation.
>
> (b) [two or more counties may establish a joint child welfare board];
>
> (c) [members of child welfare board shall select a presiding officer and perform required duties];
>
> (d) A county child welfare board is an entity of the department for purposes of providing coordinated state and local public welfare services for children and their families and the coordinated use of federal, state, and local funds for these services. The child welfare board shall work with the commissioners court.

Section 41.003 of the Human Resources Code provides:

> The commissioners court of a county may appropriate funds from its general fund or any other fund for the administration of its county child welfare board. The court may provide for services to and support of children in need of protection or care. (Emphasis added).

It is clear from article 2351, section 11, that each county in the state has the duty to provide for the support of its needy residents. See Attorney General Opinions MW-33 (1979); H-1212 (1978); H-902, H-892 (1976). In addition, since 1931, each county has had the authority to create a child welfare board, originally pursuant to article 695a, section 4, V.T.C.S., now codified as Human Resources Code section 41.002(a), reproduced above.

Although sections 41.002 and 41.003 of the Human Resources Code provide a method for administering county, state, and federal funds through the establishment of child welfare boards, it is our opinion that the statutes are permissive. Section 41.002 states that a commissioners court "may appoint a child welfare board for the county." (Emphasis added). Section 41.003 provides that the commissioners court "may appropriate funds... for the administration of its county child welfare board," and "may provide for services to and in support of children in need of protection or care." The word "may" is generally considered to be permissive. Womack v. Berry, 291 S.W.2d 677, 683 (Tex. 1956). The Code Construction Act, article 5429b-2, section 2.01 provides that words shall be read according to the rules of grammar and common usage.

Although the department, in cooperation with the commissioners court, determines the size of the board and the qualifications of its members, the board members are appointed by and serve at the pleasure of the commissioners court. Human Resources Code §41.002(a). Therefore, the board is entirely a creation of the commissioners court. Once appointed by the commissioners court, the board becomes an entity of DHR for the administration of federal, state and local funds. However, DHR can neither appoint nor terminate board members; that is the exclusive realm of the commissioners court. It is our opinion that sections 41.002 and 41.003 of the Human Resources Code create an optional method of state, federal, and county cooperation by which DHR may assist a county in providing child welfare services. Webb County is not obligated to provide funding for the Laredo-Webb County Child Welfare Board.

### SUMMARY

A county must provide for the support of needy children, and has the authority to appoint a child welfare board to accomplish that mandate. However, pursuant to section 41.003 of the Human Resources Code, the county is not obligated to provide funding for the child welfare board. A county need not cooperate with the Department of Human Resources in order to fulfill its obligation to support needy children. However, if it chooses not to participate in programs administered by

DHR, it will lose reimbursement from the federal government.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger