

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 7, 1984

Honorable Luther Jones
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas   79901

Opinion No. JM-161

Re:   Whether district judges may institute a program to represent indigents in civil cases

Dear Mr. Jones:

You state that the ten district judges of El Paso County have signed a joint order implementing a pro bono publico plan in El Paso County. The order provides that each attorney practicing or employed in El Paso County shall be appointed to handle no more than two domestic matters for indigents each year. The bar association for the county will screen applicants to determine indigency and will notify attorneys of their appointments. You suggest that an attorney appointed under this program would sustain violations of his constitutional rights to be free from involuntary servitude and from the taking of property without due process of law. U.S. Const. Amend. I, V, XIV.

The order reads as follows:

IN THE DISTRICT COURTS

OF EL PASO COUNTY, TEXAS

IN RE:

EL PASO BAR ASSOCIATION

PRO BONO PUBLICO PROGRAM

## O R D E R

ON THIS DAY the Courts did consider the motion of the EL PASO BAR ASSOCIATION to implement a pro bono publico plan in El Paso County, Texas. The motion of the EL PASO BAR ASSOCIATION is granted.

The undersigned District Courts of El Paso County, Texas, ORDER the following:

1. <u>Pursuant to Art. 1917</u> of the Texas Revised Civil Statutes, the undersigned courts do authorize the appointment of all lawyers holding an active Texas law license and who practice or are employed in El Paso County, Texas.

2. Such lawyers shall be appointed under this program to no more than two domestic matters each fiscal year (October 1 to September 30).

3. The EL PASO BAR ASSOCIATION or its delegate shall screen applicants to the program to determine indigency.

4. Indigency for purposes of this program shall be that defined by Legal Services Corporation guidelines and regulations.

5. The EL PASO BAR ASSOCIATION or its delegate shall notify an attorney of the appointment.

6. A pauper's affidavit shall be executed by the client prior to the making of an appointment.

7. Uncooperative clients shall be dismissed from the <u>pro bono publico</u> program.

8. An attorney may be excused from the program for good cause shown to the appropriate committee of the EL PASO BAR ASSOCIATION.

9. Participating attorneys will be provided with professional liability coverage.

[No item 10 appears on copy of order submitted to us.]

11. The Courts are encouraged to accept simplified pleadings in <u>pro bono</u> cases.

SIGNED AND ORDERED this __24__ day of September, 1982. (Emphasis added).

While we agree with the laudable goal of providing a system of representatives for indigents, we cannot agree that the method selected is authorized by the statutes of the state of Texas.

We need not address your constitutional concerns because article 1917, V.T.C.S., the authority cited in the order, does not empower the ten judges to act together in implementing the described program. Cf. V.T.C.S. art. 1958 (county judge may appoint counsel for indigents). Article 1917, V.T.C.S., provides as follows:

> Judges of district courts may appoint counsel to attend to the cause of any party who makes affidavit that he is too poor to employ counsel to attend to the same.

The statute authorizes a district court judge to appoint counsel in a particular cause when the party makes the required showing. The predecessor of article 1917 is found in the 1846 statute organizing the district courts and defining their powers and jurisdiction:

> Be it further enacted, [t]hat the judges, in any case, civil or criminal, in which a party may swear that he is too poor to employ counsel, shall appoint counsel for such party, who shall attend to the cause in behalf of such party without any fee or reward.

Law of May 11, 1846, §11, 2 H. Gammel, Laws of Texas 1509 (1898). See also Code Crim. Proc. art. 26.04 (appointment of counsel in criminal cases). Read in this context, article 1917 and its predecessor unmistakably refer to a single judge acting in a cause before his court.

Article 1917 does not authorize district judges to act jointly to establish a program for matching indigents with counsel in civil cases. Cf. V.T.C.S. art. 200a, §4 (judges in Administrative Judicial District expressly authorized to act jointly to facilitate disposition of cases). Thus, this statute does not authorize issuance of the order. A court may not hold an attorney in contempt for refusing to comply with an ambiguous or invalid order. Ex parte Duncan, 62 S.W. 758 (Tex. Crim. App. 1901).

The order also attempts to delegate significant responsibility for carrying out the pro bono publico plan to the El Paso Bar Association and other entities. It gives the El Paso Bar or its delegate authority to screen applicants for indigency. Indigency is to be determined according to the definition promulgated by the Legal Services Corporation. Thus, the order delegates the power to develop standards for indigency to a federal entity. Although the order

authorizes appointment of all licensed attorneys in the county without stating who will appoint attorneys in particular cases, paragraph 5 seems to authorize the El Paso Bar Association or its delegate to appoint the attorney, while section 8 permits a committee of the bar association to excuse attorneys from the program.

It is well established that a public officer cannot delegate judicial as opposed to ministerial powers without express statutory authorization. Newsom v. Adams, 451 S.W.2d 948 (Tex. Civ. App. - Beaumont 1970, no writ); Moody v. Texas Water Commission, 373 S.W.2d 793 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.). See Attorney General Opinions H-644 (1975); H-386 (1974); WW-66 (1957); V-350, V-265 (1947).

Article 1917, V.T.C.S., is discretionary with the judge. Garcia v. Ray, 556 S.W.2d 870 (Tex. Civ. App. - Corpus Christi 1977, writ dism'd); Sandoval v. Rattikin, 395 S.W.2d 889 (Tex. Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.), cert. denied, 385 U.S. 901 (1966). A district judge's power to appoint necessary subordinate officers and assistants is a judicial power. Eucaline Medicine Co. v. Standard Inv. Co., 25 S.W.2d 259 (Tex. Civ. App. - Dallas 1930, writ ref'd). See also Boynton v. Brown, 164 S.W. 893 (Tex. Civ. App. - San Antonio 1914, writ ref'd) (distinguishing "judicial" and "ministerial" acts in context of mandamus action).

A presiding judge's decision to assign a judge to try cases in a particular county and his choice of a particular judge are both discretionary acts. Morton's Estate v. Chapman, 75 S.W.2d 876 (Tex. 1934) (mandamus suit). See also White v. Reiter, 640 S.W.2d 586 (Tex. Crim. App. 1982) (district judge ordered to dismiss court appointed attorney under exception to general mandamus rule).

A judge's power under article 1917 to decide whether an indigent should have a court appointed attorney and to appoint a particular attorney are discretionary powers which cannot be delegated to other persons. A district judge may not delegate the powers which paragraphs 1, 3, 4, 5 and 8 attempt to delegate. Cf. White v. Reiter, supra; Ex parte Mays, 212 S.W.2d 164 (Tex. Crim. App. 1948) (district judge must consider attorney's claim that conflict of interest prevents his appointment in particular criminal case).

The quoted order is invalid in its entirety. Article 1917, V.T.C.S., authorizes a judge to appoint counsel for an indigent in a particular case but does not authorize joint action by a group of district judges to establish a program providing generally for representation of indigents. Moreover, specific provisions of the order attempt to delegate nondelegable discretionary powers of the district judges, such as the power to appoint an attorney in a particular case, excuse attorneys from an appointment, determine

standards for indigency, and apply those standards to particular applicants for legal services.

## S U M M A R Y

Article 1917, V.T.C.S., does not authorize the district judges of El Paso County to establish a program for providing representation of indigents of the county in civil actions. The district judges may not delegate to another person or entity the discretionary powers to appoint an attorney in a particular case, excuse attorneys, determine standards for indigency or determine indigency of a particular applicant for counsel.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton