**In re Johnnie Lee CARTER, Relator.**

**No. 08–05–00349–CV.**

Court of Appeals of Texas, El Paso.

Dec. 22, 2005.

**316**

Johnnie Lee Carter, El Paso, pro se.

Carl Green, Mounce & Galatzan, P.C., El Paso, for Michael J. Shane.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

 Relator Johnnie Lee Carter asks this Court to issue a writ of mandamus against the Honorable Luis Aguilar, Judge of the 120th District Court of El Paso County, ordering him to vacate or rescind his orders granting consolidation of causes 2005–3446, 2005–3445, and 2005–3431. Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

According to his petition, Relator brought suit against Sun City Towing & Recovery, L.P. ("Sun City Towing") for conversion of his truck. Relator alleges that Sun City Towing ordered Stevens Transport, Inc. to pick up the truck. Relator brought suit against Stevens Transport, Inc. for conversion. Relator also brought suit against Alliance Leasing, Inc. for breach of contract. The trial court consolidated the causes.

Under Rule 174 of the Texas Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Tex.R.Civ.P. 174(a).

 It is within the trial court's sound discretion to order either a consolidated or separate trial. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956). Because most consolidation orders do not threaten a defendant's substantial rights, mandamus typically does not lie from a trial court's consolidation order. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex.2004). However, if "extraordinary circumstances" exist rendering an ordinary appeal inadequate, mandamus relief may be appropriate. *Id.*

 Relator asserts that such circumstances exist because as an indigent plaintiff proceeding *pro se* he faces substantial expenses in having to serve all three defendants with written discovery, particularly when two are represented by the same attorney but require separate service. Relator claims that if he fails to serve all defendants, he will face sanctions. Relator also asserts that consolidation will limit his ability to uncover additional causes of action and to amend the individual petitions without adding complexity and within different discovery schedules, which would increase his chances of prevailing in each case. Further, Relator states that the case against Alliance Leasing, Inc. is

not related to the cases against Sun City Towing and Stevens Transport Inc.

This case does not present "extraordinary circumstances" warranting mandamus relief. The trial court's consolidation order involves only three defendants and the issues involved have not been shown to be complex. Moreover, we do not believe that a joint trial will create any difficulties in reviewing the evidence upon appellate review. *Cf. Dal–Briar Corp. v. Baskette,* 833 S.W.2d 612 (Tex.App.-El Paso 1992, orig. proceeding). Because Relator has an adequate remedy by appeal, he has not established that he is entitled to mandamus relief.

Accordingly, we deny mandamus relief. *See* Tex.R.App.P. 52.8(a).