# CONCURRING AND DISSENTING OPINION

No. 04-11-00898-CV

**IN THE INTEREST OF N.T.P.** and L.C.P., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-01862
Honorable Victor Hugo Negron Jr., Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice
Concurring and Dissenting Opinion by:  Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  December 31, 2012

I concur with the majority's determination that the trial court's order regarding travel expenses involves a monetary obligation and is, in effect, an order modifying child support which the trial court had jurisdiction to enter.  I likewise concur that the trial court's order clarified rather than modified the original DRO.  I disagree, however, that the trial court did not abuse its discretion in modifying the child support and travel expenses monetary obligation; therefore, I respectfully dissent to the majority's affirmance of the modification.

As recognized by the majority, the law does not allow a child-support obligor to avoid a support obligation by voluntarily remaining unemployed or underemployed when the obligor is in fact able to engage in gainful employment.  *Iliff v. Iliff*, 339 S.W. 3d 74, 81 (Tex. 2011).  The majority further correctly recites the relevant law regarding an obligor's right to pursue his or her own happiness, balanced against the obligor's duty to provide support.  *Id*. at 81-82.  While I do not disagree with the majority's statement of the relevant law, I disagree with the majority's conclusion that the record does not reveal an abuse of discretion.

The Texas Supreme Court has recently clarified the nature of the trial court's discretion in this specific context. *Id*. at 81-82. Recognizing that the law provides that the trial court *may* apply child support guidelines to the earning potential of an obligor in an intentional unemployment or underemployment situation, the court emphasized the discretion vested in the trial court in this circumstance is not "unlimited discretion." *Id*. at 81. Instead, the court instructs that the trial court "is required to exercise a sound and legal discretion within the limits created by the circumstances of a particular case." *Id*. (quoting *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956)). The court further instructs that the trial court's discretion also is constrained by the "paramount guiding principle" that the decision must always be in the best interest of the child. *Id*.

The record in this case establishes that Pistone retired from the military at the age of 51, after thirty-three years of service. It is undisputed that Pistone is not only voluntarily underemployed, he is, by choice, completely unemployed. While he admittedly can earn between $60,000 and $90,000 a year in the private sector working as a nurse (his profession within the military), he testified about various ailments (sleep apnea, arthritic joints, reflux, allergies, hearing loss, and foot surgery) which he contends might make it difficult for him to continue in this line of work. While Pistone's physical condition might preclude him from reaching his optimum annual earning potential of $60,000 to $90,000, there is nothing in the record to suggest he is unable to earn any income other than his decision to not work "at this time." His decision to not work "in the near term" and "certainly not while [he is] in England" cannot be reconciled with his legal and moral duty to provide support for his two children. *Iliff*, 339 S.W.3d at 81 ("The law has long recognized parents have a legal duty to support their children during their minority. A parent who is qualified to obtain gainful employment cannot

evade his or her child support obligation by voluntarily remaining unemployed or underemployed.").

An obligor's right to pursue his or her own happiness has been recognized in this state, *see Iliff*, 339 S.W.3d at 81-82; and certainly Pistone is free to pursue his personal happiness. But this right does not excuse his intentional decision to remain completely unemployed in the face of expenses related to his two minor children. There are indeed situations where "laudable intentions" prompt a parent to remain unemployed or underemployed. *Iliff*, 339 S.W.3d at 82 (describing such laudable intentions as when a parent alters his or her employment situation "to spend more time with their children, to live closer to their children in order to attend their events and be more involved in their lives…."). The record here simply does not support a decrease in child support based on this type of "laudable intention." Pistone's statement that he can spend more time with his children if he is not working has no basis in practical reality. *See Iliff*, 339 S.W.3d at 82 (noting trial court's finding must be supported by the record). Pistone has chosen to move to England, while his children reside in Missouri. By his own choice, he is not living closer to them, and he cannot, as a practical matter, attend their events and be more involved in their lives. Indeed, if the record supports either parent's altered employment situation, it supports Meyer's decision to work only from 7:30 a.m. until 3:00 p.m., which allows her to transport her daughters to their various school and extra-curricular activities.

Pistone testified at the hearing that his unemployment ultimately is "in the best interest of the children that I am able to spend more time with [them]. And if I had a job, I wouldn't be able to take the leave and visit them as much as I plan to." In my opinion, this testimony offers absolutely no evidence to support the trial court's ultimate decision to both reduce the amount of child support and order Meyer to pay one-half of the travel expenses. Pistone testified that the

travel expenses he incurred were significant, and that he could spend more time with his children only if Meyer pays one-half of the expenses for them to travel to England and "other fun places" that Pistone hopes to travel to for his visitation with the children. The visitation schedule allows Pistone visitation: one weekend per month; during Spring Break; for an extended summer period; during alternate major holidays; and on Father's Day. In light of Pistone's testimony that airfare to England can cost as much as $1200 per person round trip, the entirety of the child support ordered paid to Meyer could be consumed by her obligation to pay for one-half of the travel expenses, particularly since the trial court's order does not place any limits on the number of trips to England and "other fun places" to which Pistone may decide to have the children travel for his visitation. Indeed, it is entirely possible that Meyer would have to use funds beyond the child support to pay for travel expenses. If Meyer's child support is exhausted by her footing the one-half of the bill for the travel to England and "other fun places," what funds are left to support the necessities of the two children?

As the Texas Supreme Court concluded in *Iliff*, "the trial court's discretion must be exercised within the limits set by the Texas Family Code, particularly Chapter 154 including the child support guidelines, and ***should always focus on the best interest of the child***." 339 S.W.3d at 82 (emphasis added). Based on the evidence presented, the trial court failed to exercise "sound and legal discretion" in properly balancing Pistone's happiness and his decision to remain unemployed against his duty to support and provide for his minor children. Even more importantly, however, the trial court's decision is clearly contrary to the "paramount guiding principle" of the best interest of the child. For these reasons, I respectfully dissent to the

majority's affirmance of the modification both as to the amount of child support and the division of the travel expenses.

Catherine Stone, Chief Justice