# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00459-CV

### In re Hochheim Prairie Farm Mutual Insurance Association, Lloyd Edwin Rainey, Rainey & Associates, Jacob McKnight Tindell, and Dale Martin

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

The underlying case relates to relator's handling of insurance claims filed by individual homeowners after the 2011 Bastrop fires. Relator has filed a motion for temporary relief and a petition for writ of mandamus, complaining of the trial court's refusal to sever the underlying lawsuit into separate proceedings. *See* Tex. R. App. P. 52. Relator argues that the claims asserted by the individual homeowners are not so interrelated that they involve the same issues and facts and that it will be prejudiced if the claims are tried together.

A trial court has broad discretion in deciding whether to sever or consolidate causes, and a court abuses its discretion in refusing to sever claims if "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice." *Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956). To establish that severance is appropriate, a party must first show that: (1) the dispute involves multiple causes of action; (2) the claims sought to be severed would be proper subjects of independently filed lawsuits; and (3) the claims are not so interwoven with each other that they involve the same facts and issues. *In re State*, 355 S.W.3d 611, 614 (Tex. 2011). Severance should be granted "to avoid prejudice, do justice, and increase convenience."

*Id.* at 613. And just because a claim may be severed does not mean that it must be. *Williams v. State*, 406 S.W.3d 273, 280 (Tex. App.—San Antonio 2013, pet. denied) (quoting *In re Wilkerson*, No. 14-08-00376-CV, 2008 WL 2777418, at *1 (Tex. App.—Houston [14th Dist.] June 6, 2008, orig. proceeding) (mem. op.)). A trial court has a duty to sever only if all of the facts and circumstances unquestionably require separate trials to prevent "manifest injustice," if there are no facts or circumstances tending to support a contrary conclusion, and if the parties' legal rights will not be prejudiced by severance. *Id.* (quoting *In re Reynolds*, 369 S.W.3d 638, 650 (Tex. App.—Tyler 2012, orig. proceeding)).

It was relator's burden to establish both prejudice and that the claims brought by the individual real parties in interest were not so interwoven to involve the same facts and issues.[1] Based on this record, relator has not carried its burden of showing that the trial court clearly abused its discretion in refusing relator's motion to sever. We deny the petition for writ of mandamus and dismiss the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Filed: August 21, 2014

_____

[1] The underlying claims relate to damage to the homeowners' properties in the 2011 Bastrop fires and relator's handling of the claims. It appears that all the claims were investigated by three insurance adjusters employed by the same firm. The real parties in interest assert that, although the specific facts as to each home will differ, the overarching facts and evidence will be the same, and the same witnesses and expert witnesses will be called to testify about each claim.