Office of the Attorney General · State of Texas



August 16, 2000

Mr. Terry W. Langford
Eastland County Auditor
100 W. Main, Room 205
Eastland, Texas 76448

Opinion No. JC-0268

Re: Whether Ranger Hospital District is authorized to donate tobacco settlement funds to the City of Ranger for the purchase of an ambulance without the City assuming any District liabilities, and related questions (RQ-0190-JC)

Dear Mr. Langford:

You ask whether the Ranger Hospital District (the "District"), in the context of its dissolution, is authorized to donate the District's tobacco settlement funds to the City of Ranger (the "City") for the purchase of an ambulance without the City assuming any District liabilities. You additionally ask whether an election is required to approve the dissolution of the District, or whether it may be dissolved by a resolution of the District's board of directors. We conclude that the District is not authorized, in the context of its dissolution, to transfer the District funds to the City of Ranger for the purchase of an ambulance without the City of Ranger's assumption of the District's remaining debts and obligations. We additionally conclude that an election is required to approve dissolution of the District.

A hospital district's powers are limited by the authorizing constitutional provision, its enabling act, and provisions of the Health and Safety Code applicable to hospital districts generally. *See* Tex. Att'y Gen. Op. No. JC-0220 (2000) at 2. As a special district, the District may exercise only those powers that are expressly delegated to it by the legislature, or which exist by clear and unquestioned implication. *See Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940); *Jackson County Hosp. Dist. v. Jackson County Citizens for Continued Hosp. Care*, 669 S.W.2d 147, 154 (Tex. App.–Corpus Christi 1984, no writ).

The District was created pursuant to article IX, section 9 of the Texas Constitution and special enabling legislation. *See* Act of Apr. 23, 1969, 61st Leg., R.S., ch. 93, 1969 Tex. Gen. Laws 238, *amended by* Act of May 3, 1999, 76th Leg., R.S., ch. 114, § 1, 1999 Tex. Gen. Laws 549 ("Enabling Act"); *see also* TEX. CONST. art. IX, § 9 (legislature may create hospital district by general or special law). Article IX, section 9 provides in part:

The Legislature may also provide for the dissolution of hospital districts *provided that a process is afforded by statute for:*

> (1) *determining the desire of a majority of the qualified voters within the district to dissolve it;*

> (2) disposing of or transferring the assets, if any, of the district; and

> (3) satisfying the debts and bond obligations, if any, of the district, in such manner as to protect the interests of the citizens within the district, . . . and provided that no election to dissolve shall be held more often than once each year. *In such connection, the statute shall provide against disposal or transfer of the assets of the district except for due compensation unless such assets are transferred to another governmental agency, such as a county, embracing such district and using such transferred assets in such a way as to benefit citizens formerly within the district.*

TEX. CONST. art. IX, § 9 (emphasis added). Under this provision, the legislature may provide for dissolution of a hospital district only if it provides for a "process" to determine the will of the majority of the hospital district's voters, and means of disposing of a hospital district's assets and satisfying its debt.

Section 21A of the District's Enabling Act, enacted in 1999, provides that:

> (a) The district may be dissolved as provided by this section.

> (b) The board of directors may order an election on the question of dissolving the district and disposing of the district's assets and obligations. The board of directors shall order an election if the board of directors receives a petition requesting an election that is signed by a number of residents of the district equal to at least 15 percent of the registered voters in the district.

> (c) The election shall be held not later than the 60th day after the date on which the election is ordered. Section 41.001(a), Election Code, does not apply to an election ordered under this section.

> (d) The ballot for the election shall be printed to permit voting for or against the proposition: "The dissolution of the Ranger Hospital District of Eastland County, Texas." The election shall be held in accordance with the applicable provisions of the Election Code.

(e) If a majority of the votes in the election favor dissolution, the board of directors shall find that the district is dissolved. If a majority of the votes in the election do not favor dissolution, the board of directors shall continue to administer the district and another election on the question of dissolution may not be held before the first anniversary of the most recent election to dissolve the district.

(f) If a majority of the votes in the election favor dissolution, the board of directors shall transfer the land, buildings, . . . and other assets that belong to the district to Eastland County or another governmental entity in the district or shall administer the . . . assets, and debts in accordance with Section 21B of this Act. If the district transfers . . . other assets to Eastland County or another governmental entity, the county or entity assumes all debts and obligations of the district at the time of the transfer and the district is dissolved.

Act of May 3, 1999, 76th Leg., R.S., ch. 114, § 1, sec. 21A, 1999 Tex. Gen. Laws 549.

You explain that the Ranger Hospital District "is in the process of being dissolved" and ask about "matters of concern that [it has] in completing the dissolution." Request Letter at 1.[1] In 1989, the District filed for relief under chapter 9 of the Bankruptcy Code, and its plan of reorganization was confirmed and approved by the bankruptcy court in 1990. *See* Ranger Brief at 1.[2] In 1992, the bankruptcy court entered a Final Decree and closed the bankruptcy proceedings. *See id.* at 2. Pursuant to the reorganization plan and orders of the bankruptcy court, the District sold its principal asset, the District hospital building, paid its creditors, and has no further liabilities. *See id.* at 1-2. Subsequently, the District received its portion of the tobacco settlement monies in the amount of $58,000. *See id.* at 2. Neither the settlement agreement pursuant to which the state received the tobacco monies nor the Texas Department of Health, which manages and distributes these funds, restricts the purposes for which these funds may be spent by the District. *See id.* at 2-3.[3]

With this background, we begin our analysis with your second question: "If notice is given on the agenda of a regular meeting, an item of discussion is the dissolution of the hospital district,

---

[1]Letter from Mr. Terry W. Langford, Eastland County Auditor, to Office of the Attorney General, Opinion Committee (Feb. 15, 2000) (on file with Opinion Committee).

[2]Letter brief from Mr. Wayne S. Weaver, Attorney at Law, on behalf of Ranger Hospital District, to Elizabeth Robinson, Chair, Opinion Committee (Mar. 31, 2000) (on file with Opinion Committee).

[3]*See also* Ranger Brief, pt. 10 (Letter from Linda S. Wiegman, Supervising Attorney, Office of General Counsel, Texas Department of Health, to Lester O. Berg, Berg and Jones (Feb. 17, 1999)); *see generally Distribution of Tobacco Settlement Proceeds to Local Political Subdivisions, Frequently Asked Questions* (updated May 30, 2000)<http://www.tdh.state.tx.us/dpa/tobacco.htm>.

and if the Board resolves to dissolve the hospital district at that meeting, must an election be held to approve the dissolution of the hospital district?" Request Letter at 2.

We conclude that an election is required to approve dissolution of the District. In accordance with article IX, section 9's direction to provide a "process" to determine the will of the majority of hospital district's voters, section 21A of the Enabling Act requires an election to be held to determine whether the District may be dissolved. *See* Act of May 3, 1999, 76th Leg., R.S., ch. 114, § 1, sec. 21A, 1999 Tex. Gen. Laws 549. The board of directors may order the election on its own motion, but it must order the election if petitioned by fifteen percent or more of the District's registered voters. *See id.* sec. 21A(b); *see also* HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. H.B. 1889, 76th Leg., R.S. (1999) ("[a]uthorizes [Ranger Hospital District] board of directors . . . to order an election on the question of dissolving the district and disposing of the district's assets and obligations. Requires the board to order an election if the board receives a petition . . . ."). Regardless of whether the dissolution proceedings are initiated by the District's board of directors or the District's voters, the District cannot be dissolved unless a majority of the District's voters approve the dissolution at an election. *See* Act of May 3, 1999, 76th Leg., R.S., ch. 114, § 1, sec. 21A(f), 1999 Tex. Gen. Laws 549.

The statute is not permissive. The District contends that an election is permitted, but not required, to dissolve the District relying on the section 21A(b) language that "[t]he board of directors *may* order an election on the question of dissolving the district . . . ." *Id.* at sec. 21A(b) (emphasis added); *see also* Ranger Brief at 5-6. We disagree. While the term "may" is generally considered permissive, *see Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956) (use of permissive "may" imports exercise of discretion in matter), we construe the language of subsection 21A(b) to be permissive only to the extent that the board of directors has the discretionary authority to determine whether the District should be dissolved (unless petitioned by the requisite percentage of the District's voters). Once the board determines to dissolve the District, it must order an election on the dissolution question. This construction is, first, consistent with the language of the statute read as a whole. *See Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984) (in determining meaning of statutory language, statute to be read as a whole giving consideration to entire act). Section 21A specifically and in detail provides for an election; no other procedure for dissolving the district is referenced or mentioned. Moreover, dissolution is expressly conditioned on approval of the voters: "If a majority of the votes in the election favor dissolution, the board of directors shall find that the district is dissolved. If a majority of the votes in the election do not favor dissolution, the board of directors shall continue to administer the district . . . ." Second, and more important, such construction is consistent with article IX, section 9's directive that an enabling statute provide a "process" to determine the will of the majority of a hospital district's voters regarding dissolution. *See* TEX. CONST. art. IX, § 9; *McKinney v. Blankenship*, 282 S.W.2d 691, 697 (Tex. 1955) (statute will be construed, if reasonably possible, to render it constitutional). We presume that the legislature is familiar with the constitutional provision and intended compliance with it. *See Wentworth v. Meyer*, 837 S.W.2d 148, 154-55 (Tex. App.–San Antonio 1992, orig. proceeding), *overruled on other grounds*, 839 S.W.2d 766 (Tex. 1992); *see also Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete

knowledge of the existing law and with reference to it."). The District's view that an election to approve dissolution of the District is permitted but not required is contrary to article IX, section 9 of the constitution and the statute as a whole.

Nor do we believe that the District has been legally dissolved by virtue of the bankruptcy proceedings under federal law, thus preempting state law requirement for an election. The District asserts that: "Since the Bankruptcy Court approved the plan (without objections by any potential party in interest) the Supremacy of Federal Law prevails and the Ranger Hospital District became dissolved as a matter of fact and law. In other words, the chapter 9[] plan approved by itself dissolved the Hospital District with subsequent activities merely wrapping up the business." Ranger Brief at 4. We have found no authority for the proposition that a confirmed plan of reorganization under chapter 9 of the Bankruptcy Code, as a matter of law, dissolves the debtor; and the District does not direct us to any such authority. *See, e.g., In re Addison Community Hosp. Auth.* 175 B.R. 646, 648 (Bankr. E.D. Mich. 1994) ("Chapter 9 of the Bankruptcy Code was drafted solely for municipalities. The provision allows debt adjustment which fosters the continuance of municipalities rather than their dissolution."). The only authority the District cites to support its assertion, *Woodruff v. Bryant*, 558 S.W.2d 535 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd, n.r.e.), is inapposite. *Woodruff* deals with the right of a partner to dissolve a partnership under the Uniform Partnership Act. *See id.* Additionally, we note that neither the District's confirmed plan of organization or orders of the bankruptcy court provided to us purport to dissolve the District. *See* Ranger Brief, pts. 1, 3, 5, 6.[4]

You also ask: "May the Hospital District donate the funds it received from the tobacco settlement to the City of Ranger (a government entity) with the stipulation that these funds be applied to the purchase of an ambulance for the City without the City assuming any liabilities?" Request Letter at 1. Because you tell us that the District is in the process of being dissolved and because you express a concern that section 21A(f) of the District's Enabling Act requires a transferee of the District's assets in dissolution to assume any remaining liability of the District, *see id.*, we understand you to ask about the transfer of the funds only in the context of dissolution and address your question accordingly. We conclude that the Enabling Act does not authorize the District to transfer its assets in dissolution, such as the funds in question, without assumption by the transferee of the District's remaining debts and obligations.

Subsection (f) of section 21A of the Enabling Act requires the transferee of District assets in dissolution to assume any remaining debts and obligations of the District by providing that "[i]f the district transfers the land, . . . and other assets to Eastland County or another governmental entity, the county or entity assumes all debts and obligations of the district at the time of the transfer and

---

[4](In the United States Bankruptcy Court for the Northern District of Texas, Abilene Division: *In Re: Ranger Hosp. Dist. d/b/a Ranger Hosp.*, Case No. 189-10173-9, Debtor-in-Possession's First Amended Plan of Reorganization (May 22, 1990); Order Confirming First Amended Plan of Reorganization (July 30, 1990); Agreed Order Authorizing Execution of Contract of Lease and Purchase of Real Estate (June 21, 1991); Final Decree in Chapter 9 Case (Aug. 21, 1992)) (all documents on file with Opinion Committee).

the district is dissolved." Act of May 3, 1999, 76th Leg., R.S., ch. 114, § 1, sec. 21A(f), 1999 Tex. Gen. Laws 549. The debt and obligation assumption requirement is the statutory consideration for the transfer of the assets intended to comply with article IX, section 9's directive that a dissolution statute "shall provide against disposal or transfer of assets of the [hospital] district except for *due compensation* . . . ." TEX. CONST. art. IX, § 9 (emphasis added); *see also id.* art. III, § 52 (prohibiting grants of public money to "corporations"); *Wentworth*, 837 S.W.2d at 154-55 (presume legislature is familiar with state constitution and intended compliance with it). The transfer of assets in dissolution without assumption of the District's debts and obligations would violate section 21A(f) of the Enabling Act.

The District, relying on article IX, section 9, appears to believe that it may transfer the funds to the City, another governmental entity, without also transferring liabilities because the City will use the funds in a manner that benefits residents formerly in the District. While article IX, section 9 allows the legislature to authorize a dissolving district to transfer to "another governmental agency, such as a county, embracing such district and using such transferred assets in such a way to benefit citizens formerly within the district," this provision is not self-executing. *See* Tex. Att'y Gen. Op. No. JM-859 (1988) at 5 ("Article IX, section 9, of the Texas Constitution . . . confers authority, not on the governing bodies of hospital districts, but rather on the legislature."). The legislature did not include such authorization in the District's Enabling Act. Furthermore, article IX, section 9 does not require that the Enabling Act contain such authorization. *See* Tex. Att'y Gen. LO-93-049, at 6 (because hospital district's Enabling Act makes no provision for distribution of hospital district assets to another governmental entity, hospital district cannot distribute its funds to governmental agency); *id.* at 4 n.3 (article IX, section 9 does not require that enabling act contain such provision). Because article IX, section 9 does not grant authority directly to a hospital district, but, rather, authorizes the legislature to do so, the District may not without additional legislative authority transfer its assets in reliance on this constitutional ground.

## SUMMARY

The Ranger Hospital District in the context of dissolution is not authorized to transfer its tobacco settlement funds to the City of Ranger for the purchase of an ambulance without the City assuming any remaining debts and obligations of the District. An election is required to approve dissolution of the District.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee