IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0667
════════════
 
Eberhard Samlowski, M.D., Petitioner,
 
v.
 
Carol Wooten, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Tenth 
District of Texas
════════════════════════════════════════════════════
 
 
Argued November 18, 2009
 
 
            
Justice Johnson, joined by 
Justice Green and Justice Willett, 
dissenting.
            
Texas Civil Practice and Remedies Code section 74.351 provides that a 
trial court must dismiss a health care liability suit unless the claimant serves 
an expert report within 120 days after filing suit. It also provides that if a 
report is served timely but is deficient, the trial court “may” grant one 
thirty-day extension for the claimant to cure the report.
            
I agree with Justice Medina that the trial court did not abuse the 
discretion afforded it by statute in denying Wooten’s motion for an extension. I 
do not agree with him to the extent he indicates that if Wooten had served a 
cured report and motion for reconsideration within thirty days after the trial 
court denied her motion for extension, those actions and the cured report could 
be considered in determining if the trial court abused its discretion by denying 
the motion for extension. The trial court’s ruling on a motion for 
reconsideration or motion for new trial would have been reviewable for abuse of 
discretion had Wooten filed either of them, which she did not. But events 
occurring after a trial court’s ruling on a motion should not be considered in 
determining whether the ruling was an abuse of discretion.
            
The Court’s action in affirming and modifying the court of appeals’ 
judgment results in the reversal of an errorless trial court judgment. I would 
reverse the court of appeals’ judgment and affirm that of the trial court. 
Because the Court does not, I dissent.
I. 
Background
            
After Carol Wooten sued Dr. Samlowski, alleging 
that he negligently treated her, she timely filed and served a report by R. Don 
Patman, M.D. See Tex. Civ. Prac. & Rem. 
Code § 74.351(a) (requiring a healthcare 
liability claimant to file an expert report within 120 days of filing 
suit). Dr. Samlowski timely 
objected to the report, asserting that the report was conclusory as to the causal relationship between his care 
and the damages Wooten claimed. See id. In her response to the motion, 
Wooten essentially repeated part of the report’s contents, claimed the report 
met the requirements of section 74.351, and requested a thirty-day extension to 
cure any inadequacies the trial court found in the report. See id. § 
74.351(c). Dr. Samlowski then filed a motion to 
dismiss Wooten’s suit because the report was deficient. See id. § 
74.531(b).
            
After a hearing where no evidence was introduced, the trial court 
determined that Dr. Patman’s report did not represent 
a good faith effort to comply with the expert report requirements of section 
74.351 and granted Dr. Samlowski’s motion to dismiss. 
See Am. Transitional Care Ctrs. of Tex., Inc. v. 
Palacios, 46 S.W.3d 873, 879 (Tex. 2001) (noting that a report that does not 
set out elements required by the statute or states those elements in conclusory fashion does not constitute a good faith effort 
to comply with the statute). Without taking any further action in the trial 
court, Wooten appealed.
II. 
Discussion
A. Expert 
Report
            
The claimant in a health care liability suit must serve each defendant 
with an expert report within 120 days of filing suit. Tex. Civ. Prac. & Rem. 
Code § 74.351(a).[1] If an expert report is not timely served, 
the trial court “shall” dismiss the claim. Id. § 
74.351(b). The statutory directive to dismiss applies to both absent and 
deficient reports. See id. § 74.351(c); Lewis v. Funderburk, 253 S.W.3d 204, 207 (Tex. 2008). However, if 
an expert report has not been timely served because elements of the report are 
found deficient, the court “may” grant one thirty-day extension to allow the 
claimant to cure the deficiency. Tex. 
Civ. Prac. & Rem. Code 
§ 74.351(c).
B. Standard of 
Review
            
As Justice Medina discusses, the standard by which the trial court’s 
order is reviewed is abuse of discretion. See ___ S.W.3d at ___ n.2. And 
when a trial court order is reviewed for abuse of discretion, the order 
necessarily is reviewed based on the record as it was 
at the time the trial court made its ruling. See Univ. of Tex. v. Morris, 
344 S.W.2d 426, 429 (Tex. 1961); Stephens County v. J.N. McCammon, Inc., 52 S.W.2d 53, 55 (1932) (“When an 
appellate court is called upon to revise the ruling of a trial court, it must do 
so upon the record before that court when such ruling was made.”); Beard v. 
Comm’n for Lawyer Discipline, 279 S.W.3d 895, 902 
(Tex. App.—Dallas 2009, pet. denied); Methodist Hosps. of Dallas v. Tall, 972 
S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) (“It is axiomatic that 
an appellate court reviews actions of a trial court based on the materials 
before the trial court at the time it acted.”).
C. Abuse of 
Discretion and Section 74.351
            
The Legislature has provided that in statutes “unless the context in 
which the word or phrase appears necessarily requires a different construction 
or unless a different construction is expressly provided by statute . . . 
‘[m]ay’ creates discretionary authority or grants permission or a power” and 
“‘[s]hall’ imposes a duty.” Tex. Gov’t Code § 311.016. The parties do not 
contend, and the context does not indicate, that in section 74.351 either 
“shall” or “may” should be given different meanings than those prescribed by 
section 311.016. See FKM P’ship, Ltd. v. Bd. of 
Regents of Univ. of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008); see 
also Fleming Foods of Tex., Inc. v. Rylander, 6 
S.W.3d 278, 284 (Tex. 1999). Thus, if the trial court properly determines that 
an expert report is deficient, then the statutory 
language not only authorizes dismissal of the suit, it imposes a duty on the 
trial court to dismiss it. Tex. Civ. 
Prac. & Rem. Code § 74.351 (b)(2). That 
duty, however, is subject to the permissive power afforded in the same section 
for the trial court to grant an extension. Id. § 
74.351(c).
            
The situation is similar to the one the Court faced in In re Pirelli Tire, L.L.C., 247 S.W.3d 670 
(Tex. 2007). There, the Court was called upon to construe a statute providing 
that if a trial court “finds that in the interest of justice a claim or action 
to which this section applies would be more properly heard in a forum outside 
this state, the court may decline to exercise jurisdiction.” See 
Tex. Civ. Prac. & Rem. Code § 
71.051(a) (emphasis added), repealed by Act of June 2, 2003, 78th Leg., 
R.S., ch. 204, § 3.09 2003, Tex. Gen. Laws 855. We had 
previously held that section 71.031 of the Civil Practice and Remedies Code 
afforded non-residents an absolute right to try cases such as the one filed 
against Pirelli in Texas courts. Dow Chem. Co. v. 
Alfaro, 786 S.W.2d 674, 676, 678 (Tex. 1990). Thus, the issue before 
us in In re Pirelli was whether the 
trial court abused its discretion by failing to grant a forum non conveniens motion to dismiss pursuant to the permission 
granted in section 71.051, despite section 71.031’s effective mandate that the 
trial court exercise jurisdiction over the case. We held that the trial court 
abused its discretion. We explained that the purposes of the forum non conveniens doctrine informed the guiding principles against 
which we measured the trial court’s exercise of discretion. In re Pirelli, 247 S.W.3d at 675-76.
            
In construing the trial court’s authority under the permissive statute, 
the Court relied, in part, on In re Van Waters, Inc., 145 S.W.3d 203 
(Tex. 2004), where the Court concluded mandamus relief was available because the 
trial court abused its discretion by consolidating twenty cases for trial even 
though the rule governing consolidations was permissive in nature. See 
Tex. R. Civ. P. 174(a). The Court looked to 
the principles underlying the rule and said that in Van Waters “the trial 
court’s consolidation order did not comport with the principles we have 
articulated that must guide a court’s exercise of discretion under the rule.” 
In re Pirelli, 247 S.W.3d at 676.
            
Similarly, in In re Ethyl Corp., 
975 S.W.2d 606, 610 (Tex. 1998), the Court considered the permissive language of 
Texas Rule of Civil Procedure 174(b), which provides that a trial court “in 
furtherance of convenience or to avoid prejudice may order a separate trial” of 
claims or issues. See Tex. R. 
Evid. 174(b). The Court referenced with approval 
Womack v. Berry, 291 S.W.2d 677 (Tex. 1956) and the principle set out 
there: the permissive “may” does not afford a trial court unlimited discretion, 
but rather requires the exercise of sound discretion based on all the 
circumstances of the particular case. Ethyl Corp., 975 
S.W.2d at 610.
            
Just as the Court determined that the trial court’s discretion was not 
unlimited in In re Pirelli and 
Womack, a trial court’s discretion should not be unlimited pursuant to 
the permissive “may” in section 74.351(c). Section 74.351(c) requires the court 
to exercise sound discretion under all the facts and circumstances of the case, 
including the language and purposes of Chapter 74. See Ethyl Corp., 975 S.W.2d at 610.
D. Factors for 
a Trial Court to Consider
            
Wooten argues that if a report such as Dr. Patman’s is deficient, the trial court should not be limited 
to the report in deciding whether to grant an extension. I agree.
            
When a defendant challenges the adequacy of an expert report, the trial 
court is to determine whether the report is adequate based only upon the 
contents of the report. See Palacios, 46 S.W.3d at 
878. As we noted in Palacios, the prior statute focused on the 
contents of the report with regard to the trial court’s determination of whether 
the report was an objective good faith effort. Id. at 
878. The current statute also focuses on the report’s contents. 
See Tex. Civ. Prac. & Rem. 
Code § 74.351(l) (stating that a motion challenging the adequacy of 
a report shall be granted only if “it appears to the court, after hearing, that 
the report does not represent an objective good faith effort to comply” with the 
statutory expert report requirements). In contrast, section 74.351 is not so 
focused. It places no limitation on what the court may consider in exercising 
its discretion:
(c) If an expert report has not been served within the 
period specified by subsection (a) because elements of the report are found 
deficient, the court may grant one 30-day extension to the claimant in order to 
cure the deficiency.
 
Id. § 74.351(c). So, although the deficient report’s 
content is one factor the trial court must consider in determining if it will 
grant an extension to cure, the court should not be limited to considering only 
the content of the report. See id.; Womack, 291 
S.W.2d at 683.
            
The statute provides guidance as to what factors a trial court may 
consider when determining whether to grant an extension to cure. Part of the 
purpose of requiring an expert report in health care liability suits is to 
remove unwarranted delays and the attendant litigation expense involved in 
disposing of non-meritorious claims. See In re McAllen Med. Ctr., Inc., 
275 S.W.3d 458, 467 (Tex. 2008). Hard-and-fast 
deadlines for both serving and objecting to reports advance that purpose by 
accelerating the disposition of such cases. See Intracare Hosp. N. v. Campbell, 222 S.W.3d 790, 797 
(Tex. App.—Houston [1st Dist.] 2007, no pet.); Mokkala v. Mead, 178 S.W.3d 66, 76 (Tex. 
App.—Houston [14th Dist.] 2005, pet. denied). From the Legislature’s 
establishing of a deadline for serving a report and directing that the suit 
shall be dismissed unless the deadline is met or the trial court grants an 
extension “in order to cure the deficiency,” at least three criteria for 
the granting of an extension of time can be distilled. See Tex. Civ. Prac. & Rem. Code § 
74.351(c) (emphasis added). First, the deficient report must qualify as a 
report, albeit a deficient one. Second, the deficient report must have been 
served within the statutorily-specified time limit. Third, the deficient report 
will be cured during the extension if one is granted.
            
In many, if not most, instances the determination of whether a report 
will be cured if an extension is granted will be a fact question. And a trial 
court generally will not have abused its discretion by denying a motion for an 
extension if there is conflicting evidence on the matter. See Walker v. 
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (“With respect to resolution of 
factual issues or matters committed to the trial court’s discretion, for 
example, the reviewing court may not substitute its judgment for that of the 
trial court.”); Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978) (noting 
that an abuse of discretion does not exist where the trial court bases its 
decision on conflicting evidence). So, the trial court’s discretionary refusal 
to grant an extension will not ordinarily be an abuse of discretion unless the 
record conclusively shows that the report would have been timely cured if an 
extension had been granted.
            
The import of Justice Medina’s opinion is that a cured report served 
within thirty days after the denial of an extension can be considered in 
determining whether the trial court abused its discretion in denying the 
extension. Because a trial court’s actions are reviewed based on what was before 
the court at the time it ruled, I disagree. See Univ. of Tex., 344 S.W.2d at 429; Stephens County, 52 S.W.2d at 55. 
Which is not to say that if a claimant such as Wooten were to 
make a proper record on a motion to reconsider or motion for new trial, an 
appellate court could decline to fully review the trial court’s action on the 
motion. For example, if a trial court denied an extension to a claimant 
whose timely-served report was deficient, then the claimant timely filed a 
motion for new trial or motion to reconsider and served a cured report, the 
trial court’s ruling on the motion would be reviewable on appeal. See In re 
R.R., 209 S.W.3d 112, 114 (Tex. 2006) (“We review a trial court’s denial of 
a motion for new trial for abuse of discretion.”); Simon v. York Crane & 
Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987) (concluding that the 
decision whether to grant a motion for new trial is addressed to the trial 
court’s discretion, and the court’s ruling will not be disturbed on appeal 
absent a showing of an abuse of discretion). And that review would necessarily 
be in light of the Legislature’s purpose to have non-meritorious cases promptly 
disposed of while allowing meritorious cases to proceed.
E. 
Application
            
Wooten timely served Dr. Patman’s report, but 
there was no evidence before the trial court when it ruled on the motions of Dr. 
Samlowski and Wooten to prove that the report would 
have been cured if a thirty-day extension had been granted. Dr. Samlowski’s motion to dismiss was heard on August 28, 2007, 
over three months after he filed his objection to Dr. Patman’s report. As relevant to this matter, the record 
before the trial court at the hearing consisted of Dr. Patman’s report dated April 15, 2007 and served on April 26, 
2007, Dr. Samlowski’s objection, and Wooten’s response 
to the objection. Wooten’s response asserted the report was sufficient and 
requested an extension of time to cure the report if it was not. Yet there was 
no evidence in the record about whether the report could or would be cured if an 
extension were granted. Certainly, Wooten did not conclusively prove that the 
report would be cured by offering evidence such as a supplemental report 
actually curing the deficiency in Dr. Patman’s report. 
Thus, she has not shown that the trial court abused its discretion by denying 
her request for an extension.
III. 
Remand
            
Even though a majority of the Court is not of the opinion that the trial 
court abused its discretion or otherwise committed error by dismissing Wooten’s 
case, the Court nevertheless determines that remand for further proceedings is 
appropriate. I disagree with that decision for two reasons.
            
First, our rules provide that a judgment may not be reversed on appeal on 
the ground that a trial court committed an error of law unless that error (1) 
probably caused the rendition of an improper judgment, or (2) probably prevented 
the appealing party from properly presenting the case to the appellate courts. 
See Tex. R. App. P. 44.1, 
61.1; In re Columbia Med. Ctr. of Las Colinas, L.P., 290 S.W.3d 204, 211 
(Tex. 2009) (“[A]ppellate courts are limited to the 
issues urged and record presented by the parties and . . . are specifically 
limited to reversing judgments only for errors that probably resulted in entry 
of an improper judgment or precluded a party from properly presenting its case 
on appeal.”); Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 
1998) (“It is axiomatic that an appellate court cannot reverse a trial court’s 
judgment absent properly assigned error.”); Sears, Roebuck & Co. v. 
Marquez, 628 S.W.2d 772, 773 (Tex. 1982) (noting that it is not within the 
power of an appellate court to reverse a judgment absent error); Barnum v. 
Lopez, 471 S.W.2d 567, 568 (Tex. 1971) (noting that an appellate court may 
only reverse a case for error committed by the trial court). Neither of those 
situations exist here because the trial court did not 
commit error. The substance of the Court’s action today is to endorse an 
erroneous court of appeals judgment that reversed an errorless trial court 
judgment. The Court then, in effect, grants a new trial even though the rules of 
procedure adopted by this Court vest such discretion in trial courts, see 
Tex. R. Civ. P. 320, not 
appellate courts. See Tex. R. App. P. 44.1, 
61.1.
            
Second, when a litigant is faced with a motion to dismiss because of some 
defect in her pleadings or filings, there is nothing procedurally new about her 
filing a corrected pleading or, in this case, a corrected report, before seeking 
relief from the trial court. Cf. Leland v. Brandal, 257 S.W.3d 204, 205 (Tex. 2008) (discussing a 
supplemental expert report served in response to defendants’ objections). Nor is 
there anything new about a litigant whose case has been dismissed seeking a new 
trial or moving the trial court to reconsider its dismissal ruling and filing 
post-dismissal affidavits or presenting evidence in support of his or her 
motion. See, e.g., Tex. R. Civ. P. 320, 329b.
            
The “procedure . . . outlined today” by Justice Medina is not new, 
see ___ S.W.3d at ___; it encompasses well-known procedural devices. 
Wooten was not ambushed; she knew exactly what Dr. Samlowski’s objection was and had adequate opportunity to 
show the trial court that the alleged defect in Dr. Patman’s report was curable—if it was. She failed to either 
file a supplemental report attempting to address Dr. Samlowski’s objection or present other such evidence at the 
hearing. Nor did she seek relief by filing a post-dismissal motion for 
reconsideration or motion for new trial, serving a supplemental report or 
offering other evidence to demonstrate that Dr. Patman’s report was curable, and requesting a trial court 
ruling.
            
In sum, Wooten did not avail herself of standard procedural avenues. She 
does not present a record that supports reversing the trial court’s 
judgment.
IV. 
Conclusion
            
The court of appeals’ judgment is erroneous because it reverses an 
error-free trial court judgment. I would reverse the judgment of the court of 
appeals and affirm that of the trial court.
 
 
                                                                        
________________________________________
                                                                        
Phil Johnson
                                                                        
Justice
 
 
OPINION DELIVERED: February 25, 2011






[1] In 
relevant part, Texas Civil Practice and Remedies Code section 74.351 reads as 
follows:
 
(a) In a 
health care liability claim, a claimant shall, not later than the 120th day 
after the date the original petition was filed, serve on each party or the 
party’s attorney one or more expert reports, with a curriculum vitae of each 
expert listed in the report for each physician or health care provider against 
whom a liability claim is asserted. The date for serving the report may be 
extended by written agreement of the affected parties. Each defendant physician 
or health care provider whose conduct is implicated in a report must file and 
serve any objection to the sufficiency of the report not later than the 21st day 
after the date it was served, failing which all objections are waived.
 
(b) If, as 
to a defendant physician or health care provider, an expert report has not been 
served within the period specified by subsection (a), the court, on the motion 
of the affected physician or health care provider, shall, subject to subsection 
(c), enter an order that:
 
(1) awards 
to the affected physician or health care provider reasonable attorney’s fees and 
costs of court incurred by the physician or health care provider; and
(2) dismisses the claim with respect to the physician or health 
care provider, with prejudice to the refiling of the 
claim.
 
(c) If an 
expert report has not been served within the period specified by subsection (a) 
because elements of the report are found deficient, the court may grant one 
30-day extension to the claimant in order to cure the deficiency. If the 
claimant does not receive notice of the court’s ruling granting the extension 
until after the 120-day deadline has passed, then the 30-day extension shall run 
from the date the plaintiff first received the notice.
                
 . . . .
(l) A 
court shall grant a motion challenging the adequacy of an expert report only if 
it appears to the court, after hearing, that the report does not represent an 
objective good faith effort to comply with the definition of an expert report in 
subsection (r)(6).