

# NUMBER 13-15-00434-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ROBERT V. BUCK AND
## QUEEN ISABELLA DEVELOPMENT JOINT VENTURE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam[1]

Relators Robert V. Buck and Queen Isabella Development Joint Venture filed a

petition for writ of mandamus on September 23, 2015 seeking to vacate the trial court's

order severing claims in the underlying cause into separate trials.[2]  By emergency motion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The underlying case has a lengthy history which we need not recount herein.  *See Buck v. Palmer*, 381 S.W.3d 525 (Tex. 2012); *Buck v. Palmer*, No. 13-09-00192-CV, 2013 WL 5428116, at *1 (Tex. App.—Corpus Christi Sept. 26, 2013, pet. denied).

for immediate temporary relief, relators seek to stay the trial of this matter which is currently set for Monday, September 28, 2015.

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Mandamus may be an appropriate avenue by which a party may seek review of a trial court's order regarding severance. *See, e.g., In re Reynolds*, 369 S.W.3d 638, 646 (Tex. App.—Tyler 2012, orig. proceeding); *In re Liu*, 290 S.W.3d 515, 518 (Tex. App.—Texarkana 2009, orig. proceeding).

A trial court has broad discretion in deciding whether to sever or consolidate causes. *See Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956); *see Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). To establish that severance is appropriate, a party must first show that: (1) the dispute involves multiple causes of action; (2) the claims sought to be severed would be proper subjects of independently filed lawsuits; and (3) the claims are not so interwoven with each other that they involve the same facts and issues. *In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding). Severance should be granted "to avoid prejudice, do justice, and

increase convenience." *Id.* at 613. And just because a claim may be severed does not mean that it must be. *Williams v. State*, 406 S.W.3d 273, 280 (Tex. App.—San Antonio 2013, pet. denied). A trial court has a duty to sever only if all of the facts and circumstances unquestionably require separate trials to prevent manifest injustice, if there are no facts or circumstances tending to support a contrary conclusion, and if the parties' legal rights will not be prejudiced by severance. *Id.*; *see In re Reynolds*, 369 S.W.3d at 650.

The Court, having examined and fully considered the petition for writ of mandamus under the applicable standard of review, is of the opinion that relator has not shown itself entitled to the relief sought. *See In re State*, 355 S.W.3d at 614; *Womack*, 291 S.W.2d at 682; *Williams*, 406 S.W.3d at 280; *In re Reynolds*, 369 S.W.3d at 650. Accordingly, the petition for writ of mandamus and emergency motion for immediate temporary relief are DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
24th day of September, 2015.